951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James V. VIX, Plaintiff-Appellant,
v.
Seymore BROWN, Judge, et al., Defendant-Appellee.
 No. 90-16533.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, and SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James V. Vix appeals pro se the district court's dismissal of his civil rights action against Las Vegas Municipal Court Judge Seymore Brown. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 In his compliant, Vix, who had been cited for driving without a driver's license and without proof of financial responsibility, alleged that (1) the municipal court lacked jurisdiction and (2) the State's requirement of a valid driver's license and proof of financial responsibility unconstitutionally infringed on his right to travel. These contentions lack merit.
 
 
 4
 First, the municipal court had jurisdiction to adjudicate Vix's alleged traffic violations pursuant to Nevada Revised Statute § 5.050(2) and Las Vegas Municipal Code § 10.020.010.[1] Thus, Vix's attack on the municipal court's jurisdiction must fail.[2]
 
 
 5
 Second, Nevada Revised Statutes sections 485.185 and 483.230, which prohibit individuals from driving a motor vehicle without a valid driver's licenses and proof of financial responsibility, do not violate Vix's constitutional right to travel. The United States Supreme Court has stated:
 
 
 6
 [t]he use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers. Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.
 
 
 7
 See Reitz v. Mealey, 314 U.S. 33, 36 (1941).
 
 
 8
 Finally, the only defendant properly served was Judge Brown, who is entitled to absolute judicial immunity for acts done within his judicial capacity. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) ("[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts"); see also Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (immunity attaches even if the acts were in error or were performed maliciously). Because Judge Brown's actions were taken in his capacity as municipal court judge, he is entitled to immunity.
 
 
 9
 Accordingly, we affirm the district court's order dismissing this action.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 5.050(2) of the Nevada Revised Statute confers jurisdiction on municipal courts over "all misdemeanors committed in violation of the ordinances of their respective cities." Section 10.020.010 of the Las Vegas Municipal Code incorporates all state misdemeanor laws into its local ordinances
 
 
 [2]
 Vix also contends that the municipal court improperly entered a plea of not guilty when Vix "stood mute." This claim also is meritless. Judge Brown had the authority to enter a plea of not guilty based on Vix's refusal to plead to the charges. See Nev.Rev.Stat. § 174.035